# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA HARDESTY BROOKS,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>GENERAL NUTRITION COMPANY, and DOES 1 through 20, inclusive,<br><br>　　　　　　　　Defendant. | CASE NO. 08cv2013 BTM(JMA)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendant General Nutrition Company ("Defendant" or "GNC") has filed a motion to dismiss Plaintiff's First Amended Complaint. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

The following facts are taken from the allegations of the First Amended Complaint ("FAC"). The Court makes no findings as to the truthfulness of these allegations.

On or about May 1, 2007, Plaintiff began employment with GNC as its Assistant Manager in the GNC store located in the Plaza Bonita Mall in National City, California. (FAC ¶ 14.) Plaintiff has cerebral palsy. (FAC ¶ 16.) Plaintiff's disability did not interfere with his ability to perform his job duties, and Plaintiff was an exemplary employee. (FAC ¶¶ 15, 17.)

Throughout his employment, Plaintiff had a prescription for the use of cannabis for

medical purposes and was in possession of a Physician's Statement and Recommendation card (commonly known as a "Medi-Mar card").  (FAC ¶ 18.)

In late December 2007, Plaintiff was involved in a traffic stop in the Plaza Bonita Mall parking lot, during which Plaintiff was wrongfully cited by law enforcement officers for the illegal possession of cannabis.  (FAC ¶ 19.)  After this incident, GNC learned of Plaintiff's disability.  (FAC ¶ 20.)  On or about December 27, 2007, GNC terminated Plaintiff for an unspecified "violation of company policy."  (FAC ¶ 21.)  Plaintiff was not advised by GNC at the time of his termination that he was being terminated for possessing and/or using illegal drugs.  (FAC ¶ 25.)

On or about February 26, 2008, the San Diego Superior Court determined that the December citation had been issued in error and dismissed all charges brought against Plaintiff as a result of the traffic stop.  (FAC ¶ 26.)

Plaintiff alleges that he was terminated "because of his disability, and GNC's desire not to accommodate Plaintiff's Disability," in violation of the Americans with Disabilities Act of 1990 ("ADA").  (FAC ¶ 27.)  Plaintiff further alleges that GNC's stated reason of "violation of company policy" for the termination of his employment is pretext.  (Id.)

## II. DISCUSSION

GNC argues that the FAC should be dismissed because Plaintiff's ADA claim fails to state a claim upon which relief can be granted.   The Court disagrees.

GNC argues that Plaintiff's claim fails as a matter of law because GNC was not required to accommodate Plaintiff's use of marijuana even if it was pursuant to the Compassionate Use Act of 1996, Cal. Health & Safety Code Section 11362.5.  See Ross v. RagingWire Telecommunications, Inc., 42 Cal. 4th 920 (2008) (holding that California's Fair Employment Housing Act did not require employer to accommodate employee who used medicinal marijuana at home and who failed preemployment drug test).  However, it appears that GNC has misinterpreted Plaintiff's ADA claim.

Plaintiff claims that he was terminated because GNC discovered that he had cerebral

1  palsy. According to Plaintiff, GNC's proffered reason for Plaintiff's termination - "violation of
2  company policy" - was pretextual.

3       Under the ADA, it is unlawful for an employer to "discriminate against a qualified
4  individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a).
5  To make out a prima facie case for discrimination under the ADA, a plaintiff must "prove that
6  he is a qualified individual with a disability who suffered an adverse employment action
7  because of his disability." Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353 (9th Cir.
8  1996). Under the McDonnell Douglas burden-shifting framework, once the plaintiff
9  establishes a prima facie case of discrimination because of a disability, the burden shifts to
10 the employer to rebut the presumption of discrimination by providing a legitimate,
11 nondiscriminatory reason for the adverse employment action. Snead v. Metropolitan
12 Property & Cas. Ins. Co., 237 F.3d 1080, 1092 (9th Cir. 2001). If the employer satisfies its
13 burden, the burden then shifts to the employee to demonstrate that the employer's proffered
14 explanation is pretextual. Id.

15      Plaintiff has sufficiently pled disability discrimination in violation of the ADA. Whether
16 Plaintiff can prove that his disability was the real reason for his termination, as opposed to
17 his use of medicinal marijuana or violation of some other company policy, is a matter that can
18 be addressed in a motion for summary judgment.

19      In Paragraph 27 of the FAC, Plaintiff refers to "GNC's desire not to accommodate
20 Plaintiff's disability." However, Plaintiff does not allege that GNC was required to
21 accommodate his use of marijuana or that Plaintiff needed any accommodation at all. The
22 Court interprets Paragraph 27 as alleging that GNC terminated Plaintiff because Plaintiff has
23 cerebral palsy and GNC did not want to have to provide any accommodations that Plaintiff
24 *might* need at that time or any time in the future. If Plaintiff intends to assert a claim that he
25 was in fact denied reasonable accommodation under the ADA, Plaintiff should amend his
26 complaint to make that clear.
27 ///
28 ///

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the First Amended Complaint is **DENIED**.  Defendant shall file an answer to the FAC within 20 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  March 11, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge